JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Assistant United States Attorney
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California
        Telephone: 213-894-0526
        Email:     Kristen.Williams@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

3/3/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MMC_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-CR-00135-MWF |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT TIGRAN SARGSYAN |
| v. | |
| TIGRAN SARGSYAN, | |
| Defendant. | |

1.    This constitutes the plea agreement between Tigran Sargsyan ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") related to the investigation into defendant's scheme to fraudulently obtain unemployment insurance benefits, described in the factual basis section below. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

    a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in

1

the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime. However, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at

usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

3.   Defendant further agrees:

a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty.

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the assets.

c.   That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

1   　　　e.　Not to contest any administrative forfeiture

2   proceedings or civil judicial proceedings commenced against the

3   Forfeitable Property. If defendant submitted a claim and/or petition

4   for remission for all or part of the Forfeitable Property on behalf

5   of himself or any other individual or entity, defendant shall and

6   hereby does withdraw any such claims or petitions, and further

7   agrees to waive any right he may have to seek remission or

8   mitigation of the forfeiture of the Forfeitable Property. Defendant

9   further waives any and all notice requirements of 18 U.S.C.

10  § 983(a)(1)(A).

11  　　　f.　Not to assist any other individual in any effort

12  falsely to contest the forfeiture of the Forfeitable Property.

13  　　　g.　Not to claim that reasonable cause to seize the

14  Forfeitable Property was lacking.

15  　　　h.　To prevent the transfer, sale, destruction, or loss

16  of the Forfeitable Property to the extent defendant has the ability

17  to do so.

18  　　　i.　That forfeiture of Forfeitable Property shall not be

19  counted toward satisfaction of any special assessment, fine,

20  restitution, costs, or other penalty the Court may impose, except

21  that the Attorney General or its designee, the Money Laundering and

22  Asset Recovery Section of the Department of Justice, may, in its

23  sole discretion, approve a restoration petition to have the

24  Forfeitable Property applied to the restitution award.

25  　　　j.　With respect to any criminal forfeiture ordered as a

26  result of this plea agreement, defendant waives: (1) the

27  requirements of Federal Rules of Criminal Procedure 32.2 and 43(a)

28  regarding notice of the forfeiture in the charging instrument,

4

announcements of the forfeiture at sentencing, and incorporation of
the forfeiture in the judgment; (2) all constitutional and statutory
challenges to the forfeiture (including by direct appeal, habeas
corpus or any other means); and (3) all constitutional, legal, and
equitable defenses to the forfeiture of the Forfeitable Property in
any proceeding on any grounds including, without limitation, that
the forfeiture constitutes an excessive fine or punishment.
Defendant acknowledges that the forfeiture of the Forfeitable
Property is part of the sentence that may be imposed in this case
and waives any failure by the Court to advise defendant of this,
pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the
time the Court accepts defendant's guilty plea.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing
contained in this agreement.

c.   Recommend that defendant be sentenced to a term of
imprisonment no higher than the low end of the applicable Sentencing
Guidelines range, provided that the Court does not depart downward
in offense level or criminal history category.

d.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level
reduction in the applicable Sentencing Guidelines offense level,
pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move
for an additional one-level reduction if available under that
section.

1          e.   Except for criminal tax violations (including

2  conspiracy to commit such violations chargeable under 18 U.S.C.

3  § 371), not further criminally prosecute defendant for violations of

4  18 U.S.C. §§ 1001, 1014, 1028, 1028A, 1029, 1341, 1343, 1344, 1956,

5  or 1957 arising out of defendant's conduct described in the agreed-

6  to factual basis set forth in this agreement. Defendant understands

7  that the USAO is free to criminally prosecute defendant for any

8  other unlawful past conduct or any unlawful conduct that occurs

9  after the date of this agreement. Defendant agrees that at the time

10  of sentencing the Court may consider the uncharged conduct in

11  determining the applicable Sentencing Guidelines range, the

12  propriety and extent of any departure from that range, and the

13  sentence to be imposed after consideration of the Sentencing

14  Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

NATURE OF THE OFFENSE

16    5.   Defendant understands that for defendant to be guilty of

17  the crime charged in the single-count information, that is,

18  conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349,

19  the following must be true: First, there was an agreement between

20  two or more persons to commit bank fraud, in violation of 18 U.S.C.

21  § 1344. Second, the defendant became a member of the conspiracy

22  knowing of its object and intending to help accomplish it.

23    6.   Defendant understands that the object of the conspiracy

24  charged in the single-count information, that is, bank fraud, in

25  violation of 18 U.S.C. 1344(2), has the following elements: First,

26  defendant knowingly devised a plan or scheme to obtain money or

27  property from the financial institution specified in the indictment

28  by false promises or statements. Second, the promises or statements

1  were material, that is, they had a natural tendency to influence, or

2  were capable of influencing, a financial institution to part with

3  money or property. Third, defendant acted with the intent to

4  defraud. Fourth, the financial institution was federally chartered

5  or insured. A defendant's belief that the victims of the fraud will

6  be paid in the future or will sustain no economic loss is no defense

7  to the crime.

8                        PENALTIES AND RESTITUTION

9        7.    Defendant understands that the statutory maximum sentence

10 that the Court can impose for a violation of 18 U.S.C. § 1349 is: 30

11 years' imprisonment; a five-year period of supervised release; a

12 fine of $1,000,000 or twice the gross gain or gross loss resulting

13 from the offense, whichever is greatest; and a mandatory special

14 assessment of $100.

15       8.    Defendant understands that defendant will be required to

16 pay full restitution to the victims of the offenses to which

17 defendant is pleading guilty. Defendant agrees that, in return for

18 the USAO's compliance with its obligations under this agreement, the

19 Court may order restitution to persons other than the victims of the

20 offense to which defendant is pleading guilty and in amounts greater

21 than those alleged in the count to which defendant is pleading

22 guilty. In particular, defendant agrees that the Court may order

23 restitution to any victim of any of the following for any losses

24 suffered by that victim as a result: (a) any relevant conduct, as

25 defined in U.S.S.G. § 1B1.3, in connection with the offense to which

26 defendant is pleading guilty; and (b) any counts dismissed and

27 charges not prosecuted pursuant to this agreement as well as all

28 relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with

those counts and charges. The parties currently believe that the applicable amount of restitution is approximately **$353,960,** but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

9.     Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony offense and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States

citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

12.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support the plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning no later than July 17, 2020, and continuing until at least March 2021, in Los Angeles and Riverside Counties, within the Central District of California, defendant and Robert Aslanyan

conspired with one another to commit bank fraud, in violation of 18 U.S.C. § 1344(2).

During that same time, in Los Angeles and Riverside Counties, defendant, together with Aslanyan and others, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain moneys, funds, credits, assets, and other property owned by and in the custody and control of federally-insured financial institutions, including Bank of America, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts. Specifically, on or about July 17, 2020, in Los Angeles County, defendant used a California Employment Development Department ("EDD") debit card ending in 5625, issued in the name of S.S., to fraudulently withdraw $1,000 from a Bank of America Automated Teller Machine ("ATM") in Beverly Hills, California.

To carry out the conspiracy and scheme to defraud, defendant and Aslanyan acquired debit cards that were issued to identity theft victims, including identity theft victims who did not know defendant or Aslanyan (the "identity theft victims"). Defendant and Aslanyan then fraudulently assumed the identities of the identity theft victims to make cash withdrawals (the "fraudulent cash withdrawals") from ATMs in Los Angeles and Riverside Counties, including at ATMs that Bank of America operated.

In making the fraudulent cash withdrawals, defendant and Aslanyan falsely represented to Bank of America that they were the identity theft victims and had authority to withdraw money from Bank of America using the debit cards issued to the identity theft victims. The debit cards defendant and Aslanyan used to make the

fraudulent cash withdrawals were, in fact, EDD cards that were loaded with unemployment insurance ("UI") benefits that had been fraudulently obtained in the names of the identity theft victims.

For instance, in furtherance of the conspiracy, and to accomplish its objects, defendant and Aslanyan committed the following overt acts, among others:

- On July 17, 2020, defendant, using an EDD debit card ending in 5625, issued in the name of victim S.S., withdrew $1,000 from a Bank of America ATM in Beverly Hills, California.

- On September 10, 2020, defendant, using an EDD debit card ending in 2681, issued in the name of victim E.A.M., withdrew $1,000 from a Bank of America ATM in Rancho Mirage, California.

- On September 20, 2020, defendant, using an EDD debit card ending in 9218, issued in the name of victim J.F., withdrew $1,000 from a Bank of America ATM in West Hollywood, California.

- On November 15, 2020, defendant, using an EDD debit card ending in 0824, issued in the name of victim B.B., withdrew $1,000 from a Bank of America ATM in West Hollywood, California.

- On November 16, 2020, defendant, using an EDD debit card ending in 0712, issued in the name of victim L.G., withdrew $1,000 from a Bank of America ATM in Canoga Park, California.

- On November 22, 2020, defendant, using an EDD debit card ending in 3596, issued in the name of victim M.M., withdrew $1,000 from a Bank of America ATM in Reseda, California.

- On February 22, 2021, defendant, using an EDD debit card ending in 2675, issued in the name of victim M.Su., withdrew $1,000 from a Bank of America ATM in Palm Desert, California.

In total, defendant conspired with Aslanyan to make and caused to be made fraudulent withdrawals from at least 34 EDD debit cards that were loaded with fraudulently obtained UI benefits. With the specific intent to defraud Bank of America, defendant made, caused,

and participated in withdrawals of $353,960 from those 34 EDD debit cards.

SENTENCING FACTORS

13.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

14.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base offense level: | 7 | U.S.S.G. § 2B1.1(a) |
| Loss of between $250,000 and $550,000: | +12 | U.S.S.G. § 2B1.1(b)(1)(G) |
| 10 or more victims: | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |

Defendant and the USAO agree not to argue for additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines.

15.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.    The right to persist in a plea of not guilty.

      b.    The right to a speedy and public trial by jury.

      c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.    The right to confront and cross-examine witnesses against defendant.

      f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

## WAIVER OF RETURN OF DIGITAL DATA

2      18.  Understanding that the government has in its possession
3  digital devices and/or digital media seized in connection with this
4  case, defendant waives any right to the return of digital data
5  contained on those digital devices and/or digital media and agrees
6  that if any of these digital devices and/or digital media are
7  returned to defendant, the government may delete all digital data
8  from those digital devices and/or digital media before they are
9  returned to defendant.

10

## WAIVER OF APPEAL OF CONVICTION

11      19.  Defendant understands that, with the exception of an
12  appeal based on a claim that defendant's guilty plea was
13  involuntary, by pleading guilty defendant is waiving and giving up
14  any right to appeal defendant's convictions on the offense to which
15  defendant is pleading guilty. Defendant understands that this waiver
16  includes, but is not limited to, arguments that the statute to which
17  defendant is pleading guilty is unconstitutional, and any and all
18  claims that the statement of facts provided herein is insufficient
19  to support defendant's plea of guilty.

20

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21      20.  Defendant agrees that, provided the Court imposes a term
22  of imprisonment within or below the range corresponding to an
23  offense level of **18** and the criminal history category calculated by
24  the Court, defendant gives up the right to appeal all of the
25  following: (a) the procedures and calculations used to determine and
26  impose any portion of the sentence; (b) the term of imprisonment
27  imposed by the Court; (c) the fine imposed by the Court, provided it
28  is within the statutory maximum; (d) to the extent permitted by law,

the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than **$353,960**; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of **18** and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>WAIVER OF COLLATERAL ATTACK</u>

22. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statute of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1

## RESULT OF WITHDRAWAL OF GUILTY PLEA

2      23.  Defendant agrees that if, after entering a guilty plea

3  pursuant to this agreement, defendant seeks to withdraw and succeeds

4  in withdrawing defendant's guilty plea on any basis other than a

5  claim and finding that entry into this plea agreement was

6  involuntary, then (a) the USAO will be relieved of all of its

7  obligations under this agreement; and (b) should the USAO choose to

8  pursue any charge that was either dismissed or not filed as a result

9  of this agreement, then (i) any applicable statute of limitations

10 will be tolled between the date of defendant's signing of this

11 agreement and the filing commencing any such action; and

12 (ii) defendant waives and gives up all defenses based on the statute

13 of limitations, any claim of pre-indictment delay, or any speedy

14 trial claim with respect to any such action, except to the extent

15 that such defenses existed as of the date of defendant's signing

16 this agreement.

17          ## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

18      24.  Defendant agrees that if the count of conviction is

19 vacated, reversed, or set aside, both the USAO and the defendant

20 will be released from all their obligations under this agreement.

21          ## EFFECTIVE DATE OF AGREEMENT

22      25.  This agreement is effective upon signature and execution

23 of all required certifications by defendant, defendant's counsel,

24 and an Assistant United States Attorney.

25          ## BREACH OF AGREEMENT

26      26.  Defendant agrees that if defendant, at any time after the

27 effective date of this Agreement, knowingly violates or fails to

28 perform any of defendant's obligations under this agreement ("a

breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any

claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

28.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          32.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    JOSEPH T. MCNALLY
     Acting United States Attorney

9

10   _____        2/24/2025
     KRISTEN A. WILLIAMS                    _____
11   Assistant United States Attorney       Date

12   _____        _____
     Tigran Sargsyan                         Date
13   Defendant

14   _____        _____
     GARO B. GHAZARIAN                       Date
15   Attorney for Defendant
     Tigran Sargsyan

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney

_____          _____
KRISTEN A. WILLIAMS                          Date
Assistant United States Attorney

_____          _____
Tigran Sargsyan                              Date    02/18/2025
Defendant

_____          _____
GARO B. GHAZARIAN                            Date    2/18/25
Attorney for Defendant
Tigran Sargsyan

1                    CERTIFICATION OF DEFENDANT

2         I have read this agreement in its entirety. I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney. I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to

9    or at trial, of the sentencing factors set forth in 18 U.S.C.

10   § 3553(a), of relevant Sentencing Guidelines provisions, and of the

11   consequences of entering into this agreement. No promises,

12   inducements, or representations of any kind have been made to me

13   other than those contained in this agreement. No one has threatened

14   or forced me in any way to enter into this agreement. I am satisfied

15   with the representation of my attorney in this matter, and I am

16   pleading guilty because I am guilty of the charge and wish to take

17   advantage of the promises set forth in this agreement, and not for

18   any other reason.

19   _____          02/18/2025

20   Tigran Sargsyan                          Date
     Defendant

21

22

23

24

25

26

27

28

                              21

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Tigran Sargsyan's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

GARO B. GHAZARIAN                        Date 2/18/25
Attorney for Defendant
Tigran Sargsyan

22

Exhibit A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 982: Criminal Forfeiture] |
| TIGRAN SARGSYAN, | |
| Defendant. | |

The Acting United States Attorney charges:

[18 U.S.C. § 1349]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.   Bank of America was a financial institution that was insured by the Federal Deposit Insurance Company.

2.   Defendant TIGRAN SARGSYAN was a resident of Woodland Hills, California.

B.   THE OBJECT OF THE CONSPIRACY

3.   Beginning no later than in or around July 17, 2020, and continuing until at least in or around March 2021, in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, defendant SARGSYAN conspired with Robert Aslanyan and

others known and unknown to the Acting United States Attorney, to commit bank fraud, in violation of Title 18, United States Code, Section 1344(2).

C.   MANNER AND MEANS OF THE CONSPIRACY

4.   The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

a.   Defendant SARGSYAN and Aslanyan would acquire debit cards that were issued to identity theft victims, including identity theft victims who did not know defendant SARGSYAN or Aslanyan (the "identity theft victims").

b.   Defendant SARGSYAN and Aslanyan would assume the identities of the identity theft victims to make fraudulent cash withdrawals (the "fraudulent cash withdrawals") from Automated Teller Machines ("ATMs") in Los Angeles and Riverside Counties, including at ATMs that Bank of America operated.

c.   In making the fraudulent cash withdrawals, defendant SARGSYAN and Aslanyan would falsely represent to Bank of America that they were the identity theft victims and had authority to withdraw money from Bank of America using the debit cards issued to the identity theft victims.

d.   The debit cards defendant SARGSYAN and Aslanyan used to make the fraudulent cash withdrawals were linked to Bank of America accounts that were established by California Employment Development Department ("EDD") and were funded with unemployment insurance benefits that had been obtained in the names of the identity theft victims.

1         e.   The coconspirators would call Bank of America and,

2 falsely representing that they were the identity theft victims,

3 activate the cards.

4 D.   <u>OVERT ACTS</u>

5     5.   In furtherance of the conspiracy, and to accomplish its

6 object, on or about the dates set forth below, defendant SARGSYAN

7 committed the following overt acts, among others, within the Central

8 District of California, and elsewhere:

9    <u>Overt Act No. 1:</u>   On July 17, 2020, defendant SARGSYAN, using

10 an EDD debit card ending in 5625, issued in the name of victim S.S.,

11 withdrew $1,000 from a Bank of America ATM in Beverly Hills,

12 California.

13    <u>Overt Act No. 2:</u>   On September 10, 2020, defendant SARGSYAN,

14 using an EDD debit card ending in 2681, issued in the name of victim

15 E.A.M., withdrew $1,000 from a Bank of America ATM in Rancho Mirage,

16 California.

17    <u>Overt Act No. 3:</u>   On September 20, 2020, defendant SARGSYAN,

18 using an EDD debit card ending in 9218, issued in the name of victim

19 J.F., withdrew $1,000 from a Bank of America ATM in West Hollywood,

20 California.

21    <u>Overt Act No. 4:</u>   On November 15, 2020, defendant SARGSYAN,

22 using an EDD debit card ending in 0824, issued in the name of victim

23 B.B., withdrew $1,000 from a Bank of America ATM in West Hollywood,

24 California.

25    <u>Overt Act No. 5:</u>   On November 16, 2020, defendant SARGSYAN,

26 using an EDD debit card ending in 0712, issued in the name of victim

27 L.G., withdrew $1,000 from a Bank of America ATM in Canoga Park,

28 California.

<u>Overt Act No. 6:</u>   On November 22, 2020, defendant SARGSYAN, using an EDD debit card ending in 3596, issued in the name of victim M.M., withdrew $1,000 from a Bank of America ATM in Reseda, California.

<u>Overt Act No. 7:</u>   On February 22, 2021, defendant SARGSYAN, using an EDD debit card ending in 2675, issued in the name of victim M.Su., withdrew $1,000 from a Bank of America ATM in Palm Desert, California.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.     Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of defendant SARGSYAN's conviction of the offense set forth in the sole count of this Information.

2.     Defendant SARGSYAN, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant SARGSYAN, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

//

//

1  court; (d) has been substantially diminished in value; or (e) has

2  been commingled with other property that cannot be divided without

3  difficulty.

4  JOSEPH T. MCNALLY
   Acting United States Attorney

5

6

7  LINDSEY GREER DOTSON
   Assistant United States Attorney
8  Chief, Criminal Division

9  KRISTEN A. WILLIAMS
   Assistant United States Attorney
10 Chief, Major Frauds Section

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I, **Lorinda A. Cantu,** declare:

3

That I am a citizen of the United States and a resident of or employed in

4

Los Angeles County, California; that my business address is the Office of United

5

States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am

6

over the age of 18; and that I am not a party to the above-titled action;

7

That I am employed by the United States Attorney for the Central District of

8

California, who is a member of the Bar of the United States District Court for the

9

Central District of California, at whose direction I served a copy of:

10

**PLEA AGREEMENT FOR DEFENDANT TIGRAN SARGSYAN**

11

☐ Placed in a closed envelope for    ☒ Placed in a sealed envelope for

12
    collection and inter-office        collection and mailing via United
    delivery, addressed as follows:        States mail, addressed as follows:

13

    **Garo B. Ghazarian**

14
    **Law Office of Garo B. Ghazarian**
    **15915 Ventura Blvd., Suite 203**

15
    **Encino, CA 91436**

16

17
☐ By hand delivery, addressed as    ☐ By facsimile, as follows:
    follows:

18
☐ Via email, as follows:    ☐ By Federal Express, as follows:

19

20

This Certificate is executed on **March 3, 2025,** at Los Angeles, California.  I

21

certify under penalty of perjury that the foregoing is true and correct.

22

23
        *Lorinda A. Cantu*

24
        Lorinda A. Cantu
        Legal Assistant

25

26

27

28